Edward G. Baker. J.
This is an action for specific performance of a written contract for the sale and transfer, under certain conditions, of closely held corporate stock having no ready or ascertainable market value. Plaintiff is the son of one Dominick Bao, now deceased, who was a party to the contract. The other signatories were the defendants who now are the owners and holders of all of the outstanding shares of the corporation. The agreement was executed following a conference held on the day of its date among said Dominick Bao, his attorney, the defendants, and a certified public accountant who was present in the capacity of advisor to said defendants. The discussions and negotiations immediately preceding the execution of the agreement extended over a period of several hours. By reason of the fact that the instrument lacked sufficient clarity to enable the court to determine the intention of the parties by reference to it alone, parol evidence with respect to the prior and contemporaneous discussions and negotiations was received.
Paragraph 6 of the agreement provided: “ That K & S (the defendants) agree to sell to Bao fifty percent of all of the outstanding and issued shares of stock for the sum of $10 at any time that Bao shall request the same within one year from date hereof.”
*761 Among other things it was provided in said agreement that Rao enter into a ten year employment contract with the corporation with the covenant not to engage in the same business during the life of said contract, his compensation to be $100 per week plus expenses, and one half of the profits of the corporation “as a bonus for production.” It was further agreed by the parties that in the event Rao purchased fifty per cent of the stock of the corporation then “ an unanimous agreement for the voting of all the outstanding shares shall be entered into and the shares be subject to such agreement.”
Subsequently, and on March 6, 1956, within the time limited in the agreement, Rao sent the following communication to the defendants:
“ Gentlemen:
Please be advised that pursuant to the agreement entered into between us on the 16th day of March, 1955, and more particularly paragraph ‘ 6 ’ of said agreement, Dominick Rao hereby requests that you deliver to him one-half of all the outstanding and issued shares of stock of Redford Shoe Corporation in the name of Dominick Rao Jr. and that, upon notification by you of the transfer of said stock, Dominick Rao will pay unto you the consideration of $10.00 mentioned and fixed in the said agreement. Dominick Rao is ready to comply with all the rest of the terms and conditions of the agreement simultaneously with the transfer of the said stock.
Very truly yours,
Dominick Rao ”
The request contained in the letter was refused.
Dominick Rao died on June 14, 1956. Defendants make no claim that he failed, between the date of the agreement and the date of his death, to comply with the terms and conditions of the agreement on his part to be performed. The complaint alleges, in the usual form, due performance. The denial of this allegation in the answer raised no issue since there was no compliance with the provisions of rule 92 of the Rules of Civil Practice. (Klapper v. Greenfield, 100 N. Y. S. 2d 921.) In any event, there was no claim by defendants upon the trial that Rao failed to enter into the employment contract as provided in the agreement.
There remains to be considered, however, defendants’ contention that the option to purchase the stock contained in paragraph 6 of the agreement was in the nature of a bonus for faithful and conscientious performance of services by Rao as manager of the business, and that it was the parties’ intent *762 that said stock should remain the property of Bao while he remained in the employ of the corporation.
Plaintiff denies that there was any such understanding among the parties; and the agreement itself contains no express provision which is in any way restrictive of assignment or transfer of the stock, or of the option contained in paragraph 6 of said agreement.
Upon all the evidence, it would seem reasonable to conclude that the various provisions of the agreement were inseverable, and that the option provided for in paragraph “6” (quoted above) was so intimately coupled with Bao’s obligation to perform personal services for the corporation as to indicate an intent that it was not to be assigned. (See 4 Am. Jur., Assignments, § 8, p. 236, and cases cited in footnote 18.) If that was the intent of the parties, defendants’ failure or refusal to comply literally with the request contained in the notice of March 6, 1956 was justified.
I find that the option was personal to Bao; that.an assignment or transfer of his rights thereunder was not within the contemplation of the parties; that the transfer of the stock was intended, when and if effected, to assure to him one half of the corporate profits so long as he remained in the firm’s employ; and that the letter or notice, dated March 6,1956, was ineffectual to vest in plaintiff any rights whatever.
It should be noted that there is in this proof no evidence of an assignment by Bao to the plaintiff of the former’s rights under the agreement, and in particular to the stock which was the subject of the option contained in paragraph “ 6 ”. The notice reads: “Dominick Bao hereby requests that you deliver to him one-half of all the outstanding and issued shares of stock of Bedford Shoe Corporation in the name of Dominick Bao Jr.” (emphasis supplied). The request that the stock be transferred to Bao in the name of a nominee is not, in and of itself, evidence of an assignment to that nominee of Bao’s rights under the option.
Judgment will be directed for defendants dismissing the complaint. Settle findings and judgment accordingly.